# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12cv350

| | |
|---|---|
| LYN ELLEN MENDES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| DEBRA McCARTY; LOS ANGELES ) | |
| POLICE DEPARTMENT; and BOULDER ) | |
| POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on plaintiff's Motion to Proceed In Forma Pauperis (#2) and initial review of plaintiff's *pro se* Complaint (#1) filed pursuant to 42 U.S.C. § 1983.

## I.   Motion for Leave to Proceed In Forma Pauperis

Plaintiff has moved to be allowed to proceed in forma pauperis. The court has carefully considered plaintiff's affidavit which shows approximately $18,000.00 in disability income; however, such sum appears to be consumed by very modest living expenses. Review of the 2011 Health and Human Services Poverty Guidelines provides that for a household of one person, that income less than $10,890.00 falls below the federal poverty measure as determined by the government. See http://www.aspe.hhs.gov/poverty/11poverty.shtml. While plaintiff falls above the poverty line, it does not appear that she has funds with which to pay the required filing fee at this time. The court will, therefore, <u>conditionally</u> allow the application and permit plaintiff to proceed without prepayment of the filing fee of giving security therefor. Process will not, however, issue as it appears that the action is frivolous, as discussed below.

## II. Section 1915 Review

Pursuant to 28 U.S.C. § 1915(e)(2), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. Id. A *pro se* plaintiff's allegations in a complaint are to be liberally construed, and a court should not dismiss an action for failure to state a claim "unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir.2003). *Pro se* filings "however unskillfully pleaded, must be liberally construed." Noble v. Barnett, 24 F.3d 582, 587 n. 6 (4th Cir.1994).

In bringing this action under 42 U.S.C. § 1983, plaintiff alleges that the defendants were acting under color of state law at the time her claims arose because:

> The defendants named having been found in violation of the civil rights of Nicole Simpson/Ron Goldman and Jon Benet Ramsey are now in violation of the civil rights of [plaintiff] & potentially her family due to unlawful detention of [plaintiff] as a victim/survivor/hero by the racist behavior of the Charlotte Mecklenburg Police Dept. on numerous occasions, i.e., her arrest on 4/21 & stints in mental institutions in 4 states. (Torture, torment, abuse & death resulting.)

Complaint, at ¶ 2. Plaintiff goes on to explain that she

> is a bonafide victim of satellite/laser equipment operated by unknown female assailants penetrating the human brain, 8 yrs, & counting with unlawful detention including an arrest on 4/21/2012. Failure of information to surface in previous cases due to hotel negligence & jealousy.

Id., at ¶ 3.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss an *in forma pauperis* complaint if "the action . . . (i) is frivolous or malicious" or if the action "(ii) fails to state a

claim upon which relief may be granted." A complaint is frivolous "where it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. Section 1915(e) gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," for instance where the claim describes "fantastic or delusional scenarios." Id.,at 327–28. Section 1915(e)(2)(B) directs dismissal of this Complaint, and while the court understands its obligation to liberally read a pro se Complaint, Erickson v. Pardus, 551 U.S. 89 (2007), when the fantastic allegations are stripped away from the Complaint, the surviving plausible allegations are insufficient to state a claim under Section 1983.

In dismissing this matter, the court notes that it is the third action in which plaintiff has alleged constitutional harm based on laser beam technology and the third case which has been summarily dismissed. Mendes v. United States, 1:09CV487 (U.S. Court of Federal Claims 2009); Mendes v. Brown, 3:10cv397-V (W.D.N.C. 2010).

Having carefully considered the Complaint in accordance with 28, United States Code, Section 1915(e)(2)(B)(i) and (ii), the court determines that plaintiff's Complaint is frivolous and that she has not presented a claim that could survive consideration under Rule 12(b)(6), Federal Rules of Civil Procedure. The Complaint will be dismissed with prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Proceed In Forma Pauperis (#2) is **GRANTED**, the issuance of process and service thereof is **CANCELLED,** and this action is **DISMISSED** with prejudice.

Signed: June 11, 2012

Max O. Cogburn Jr.
United States District Judge